FILED
2023 Oct-10  PM 05:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

KAREN MITCHELL,
an individual,

     Plaintiff,

                         CASE NO:

vs.

WAREHOUSE CARE & SPECIALTY
CLINIC, INC.,

     Defendant.

_____/

## COMPLAINT

Plaintiff, KAREN MITCHELL ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Warehouse Care & Specialty Clinic, INC., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

1

2.      Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3.      Plaintiff, KAREN MITCHELL (hereinafter referred to as "MITCHELL") is a resident of Cullman County, Alabama and is a qualified individual with a disability under the ADA.  MITCHELL suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from moderate to severe foot drop and right sided leg numbness, bilateral trochanteric bursitis, and degenerative disc disease, such that she requires assistance to ambulate and primarily relies on a walker or rollator for mobility.  Prior to instituting the instant action, MITCHELL became a patient at Defendant's clinic and visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA.  MITCHELL continues to desire and intends to visit the Defendant's premises for future medical treatment, but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.      The Defendant, Warehouse Care and Specialty Clinic, Inc., is a domestic corporation registered to do business and actually doing business in

Cullman County, Alabama.  Upon information and belief Warehouse Care & Specialty Clinic, Inc. (hereinafter "WCSC") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: Warehouse Care & Specialty Clinic, located at 117 2nd Avenue SE, Cullman, Alabama (hereinafter referred to as the "Clinic").

5.     All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6.     On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.     Pursuant to 42 U.S.C. §12181(7)(F) and 28 C.F.R. §36.104, the property owned by WCSC is a place of public accommodation in that it is a professional office of a health care provider, operated by a private entity, that provides goods and services to the public.

8.     Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe

and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Clinic in derogation of 42 U.S.C §12101 *et seq*.

9.     The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Clinic owned by WCSC. Prior to the filing of this lawsuit, Plaintiff personally visited the Clinic at issue in this lawsuit, where she remains a patient, and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below, that she personally encountered.  In addition, Plaintiff continues to desire and intends to visit the Clinic for future treatment, but continues to be injured in that she is unable to do so free from discrimination on the basis of disability and continues to be discriminated against due to the barriers to access that remain at the Clinic in violation of the ADA.  MITCHELL has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's, deliberate and knowing violations of the ADA.

10.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36

.

4

11.    WCSC is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

    i.    No accessible parking spaces or van accessible parking spaces are provided in the Clinic's parking lots on either the left or right side of the clinic;

    ii.    No curb ramps are provided to access the sidewalk leading to the Clinic's main entry from the parking areas on either side of the clinic;

    iii.    The main entry door to the Clinic lacks level maneuvering space necessary to enter as a result of a slope at the entry door;

    iv.    The check in/out counters are excessively high;

    v.    There is no accessible toilet room provided as the toilet room contains the following barriers to access;

        a.    There is no accessible signage to designate the public toilet rooms;

        b.    The toilet room entry door swings into the toilet room such that there is insufficient maneuvering space to the exit the toilet room with a mobility device;

        c.    There is insufficient maneuvering clearance to access the lavatory within the toilet room;

        d.    There is insufficient maneuvering clearance to access the water closet within the toilet room;

        e.    The toilet paper dispenser is mounted out of reach;

5

      f.  The paper towel dispenser is mounted out of reach;

      g.  The mirror at the lavatory is mounted too high;

   vi.    Upon information and belief, the examination rooms are too small and lack sufficient maneuvering space for people with mobility disabilities;

  vii.    The practice of wheeling computer tables through the halls of the clinic and into examination rooms create regular and frequent obstructions to accessible routes for people with mobility disabilities.

12.    There are other current barriers to access and violations of the ADA at the Clinic owned and operated by WCSC that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, WCSC was required to make its Clinic, a place of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, WCSC has failed to comply with this mandate.

15.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against WCSC and requests the following injunctive and declaratory relief:

A.     That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.     That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing Defendant to

evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.      That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.      That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 10th day of October, 2023.

Respectfully submitted,

By: ___*/s/ Edward I. Zwilling*___
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email: edwardzwilling@zwillinglaw.com